FILED
2022 Mar-15 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| **POLYMER INDUSTRIES, LLC,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIVIL ACTION NO.: ) |
| **COVENANT TRANSPORT; SOLUTIONS, LLC,** | ) ) ) |
| **Defendant.** | ) ) |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Covenant Transport Solutions, LLC ("Defendant") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff Polymer Industries, LLC ("Plaintiff") in the Circuit Court of Jackson County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of this Notice, the Defendant shows the following:

### A.  PROCEDURAL BACKGROUND

1.      This case was commenced by Plaintiff on January 20, 2022, in the Circuit Court of Jackson County, Alabama, Case No. CV 2022-900014. The documents attached as Exhibit "A" constitute all the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Defendant was served on or around February 16, 2022.

3. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Northeastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this Notice, Defendant is serving a copy of this Notice of Removal on counsel for the Plaintiff and will file a copy with the Clerk of the Circuit Court of Jackson County, Alabama as required by 28 U.S.C. § 1446(d).

### B. DIVERSITY OF THE PARTIES

6. The Plaintiff is a limited liability company organized and existing under the laws of the state of Alabama with its principal place of business in Alabama. The Plaintiff's members are citizens of Alabama and Georgia.

7. Defendant Covenant Transport Solutions, LLC is a limited liability company organized and existing under the laws of the state of Nevada with its principal place of business in the state of Tennessee. Covenant Transport Solutions, LLC's sole member is Star Transportation, LLC, a limited liability company existing under the laws of the state of Tennessee with its principal place of business in the state of Tennessee. Star Transportation, LLC's sole member is Landair Holdings,

Inc., a corporation organized and existing under the laws of the state of Tennessee with its principal place of business in the state of Tennessee. Thus, neither the Defendant nor any of the relevant members are citizens of the states of Alabama or Georgia.

8. The parties identified in Paragraphs six and seven of this Notice constitute all of the nonfictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

### C. AMOUNT IN CONTROVERSY

9. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10. Plaintiff's Complaint appears to allege a claim of negligence against the Defendant arising out of a property damage and other losses resulting from a commercial vehicle impacting a utility pole at the Plaintiff's facility. [Exhibit A - Complaint].

11. The Complaint states that, as a result of the events alleged in the Complaint and the subsequent loss of electrical service, the Plaintiff suffered damages for destruction of property, loss of income and profits, employee expense, and additional related damages and expenses. [Exhibit A - Complaint].

12. Following the alleged incident, the Plaintiff issued pre-suit correspondence setting forth its claimed damages, which total $272,335.55. A copy of the pre-suit correspondence is attached hereto as Exhibit B.

13. Based upon the analysis set forth in *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint establishes the requisite amount in controversy. See also *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more.  Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.  Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00.  Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

14. Defendants deny they are liable to Plaintiff for any amount but do not dispute the amount in controversy exceeds $75,000.00.

15. Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

16. The removal is filed within thirty (30) days from when Defendant was served with the Summons and Complaint and is therefore timely.

## D. CONCLUSION

Defendant satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 15th day of March, 2022.

_____
LEA RICHMOND (ASB-8479-L74R)
JORDAN D. WATSON (ASB-2370-O61W)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:  jwatson@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

    \_\_\_\_\_Facsimile transmission;
    \_\_\_\_\_Hand Delivery;
   XX  Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
   XX  Using the Alafile or CM/ECF system which will send notifications of such to the following:

John F. Porter, III, Esq.
C. Claire Porter, Esq.
The Porter Law Group
123 E. Laurel Street
Scottsboro, Alabama 35768

 

/s/ J.D. Watson
OF COUNSEL